IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA MIECHOWICKI, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>ROSALIND FRANKLIN UNIVERSITY OF MEDICINE AND SCIENCE, an Illinois Not for Profit Corporation,<br><br>    Defendant. | Case No.:_____<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

**I.    INTRODUCTION**

1.    Plaintiff Victoria Miechowicki, ("Plaintiff"), by and through her attorneys, Pluymert, MacDonald, Hargrove & Lee, Ltd., files this Complaint against Defendant, Rosalind Franklin University of Medicine and Science("Defendant"), seeking to vindicate Plaintiff's rights: (1) to be protected from disability discrimination; (2) to be protected from retaliation for requesting disability discrimination protections; (3) to be protected from sex discrimination; and (4) for redress for violation of her contractual right as a graduate student enrolled with Defendant. This Complaint is based on personal knowledge as to allegations concerning Plaintiff, and on information and belief as to all other allegations.

**II.    PARTIES**

2.    Plaintiff was, until April 18, 2022, a graduate student in Defendant's doctorate of pharmacy program ("the Program"). Plaintiff lives in Cook County, Illinois.

3.    Defendant is an Illinois not for profit corporation which operates a university with its main administrative office located in North Chicago, Lake County, Illinois.

**III.     JURISDICTION AND VENUE**

4.     This Court has jurisdiction as to the first four counts of the complaint containing four causes of action which arise under federal statutes, and thus under 28 U.S.C.A. 1331, the Court has jurisdiction over the first four counts of the complaint.  As to the remaining count of the complaint, the Court has supplemental jurisdiction over the one state law cause of action in said count because the fourth cause of action is so related to the first three claims so as to be part of the same case and controversy.  The Court thus has jurisdiction over the final count of the Complaint pursuant to its supplemental jurisdiction under 28 U.S.C.A. 1367.

5.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and the main office of the Defendant is located in this District.

**IV.     FACTUAL BACKGROUND**

**A.  Plaintiff's Enrollment, Disabilities, and Defendant's Accommodations**

6.     Plaintiff was, at the beginning of the 2021-2022 school year, a graduate student in the Defendant's pharmacy program ("Pharmacy Program").  Plaintiff was in her third year of the four year program and had received straight A's in her coursework up until her expulsion for alleged failure to follow professionalism norms of the Pharmacy Program.

7.     Plaintiff achieved her academic success with appropriate accommodations despite being diagnosed anxiety and depression.  Plaintiff graduated from Northwestern University, was admitted into Defendant's graduate Program, and received the high academic grades in the academic portions of Defendant's Program.

8.     Plaintiff's anxiety and depression affects her ability to learn and concentrate. However, she is able to complete her studies with reasonable accommodations and modifications to Defendant's Program.

2

9. Defendant agreed Plaintiff had disabilities; agreed that it is and was subject to the provisions of the ADA and Section 504, and agreed to accommodations at multiple points in time beginning in 2019 through April, 2022. These agreed accommodations included excused absences when Plaintiff was physically ill; additional time for taking exams; a separate room for taking exams and quizzes; and eventually, no more than one exam or assessment per day.

10. In order to implement these accommodations, Plaintiff was required to coordinate with Defendant's agents (Plaintiff's instructors and the Defendant's ADA Office).

11. Plaintiff often disagreed with the way in which Defendant's agents implemented her accommodations; disregarded her accommodations; and retaliated against her for advocating that her accommodations be implemented according to Plaintiff's understanding of her rights. Plaintiff voiced these disagreements vigorously, but never used profanity or threatened violence against Defendant or its agents.

**The Contract Between Plaintiff and Defendant**

12. Plaintiff applied and was accepted to Defendant's Program and enrolled in Fall, 2019.

13. Thereafter, Defendant charged tuition and fees to Plaintiff, and Plaintiff paid the tuition and other fees to remain in Defendant's Program.

14. For her entire tenure in Defendant's Program, Plaintiff satisfactorily completed all the academic requirements in the Defendant's Program achieving A's in all academic courses.

15. Defendant published two handbooks, a catalog, and policy manual which became part of a contract between Plaintiff and Defendant.

16. The Defendant Program's Handbook specifically gives Plaintiff a right to complain and speak freely to her instructors and to administrators regarding her educational experience. In said Handbook, the Defendant made a contractual promise not to retaliate for complaints made to Plaintiff's instructors and other of Defendant's agents. Defendant also published a General

3

Handbook for all students who attend the University. The General Handbook contained a section wherein Defendant made a contractual promise not to discriminate based upon disability.

### Plaintiff's Contractually and Statutorily Protected Complaints and the Defendant's Discipline

17. As a result of discrimination and breaches of contract against Plaintiff in the form of continuous harassment from the faculty and staff of Defendant, Plaintiff has also been diagnosed with post-traumatic stress disorder. The harassment coupled with Defendant-induced post-traumatic stress disorder makes Plaintiff physically ill and more difficult to complete her studies.

18. Defendant agreed that Plaintiff had a disability which required multiple reasonable accommodations which Defendant's agents repeatedly refused to implement in good faith. Prior to Plaintiff's expulsion, Defendant's agents actively and intentionally exacerbated Plaintiff's anxiety and depression symptoms and caused post- traumatic stress disorder as discussed below in order to justify Plaintiff's expulsion.

19. Beginning in 2019, Plaintiff attended an orientation class where one of Defendant's agents, a senior student proctor appointed by the Program, addressed Plaintiff in a way Plaintiff viewed as disrespectful. Plaintiff complained to the Proctor and was disciplined for nebulous reasons related to lack of "professionalism."

20. Beginning in 2021, Plaintiff was required to facilitate accommodations with her instructors and the Defendant's ADA office. During these interactions Plaintiff often complained about the facts that Defendant's agents were not acting in good faith in carrying out their duties to accommodate under Federal law or otherwise not treating her in a way which fostered academic success.

21. During said interactions, Plaintiff often complained regarding how the accommodations were implemented and how examinations were scheduled within the meaning of the accommodation plan.

22. Despite these complaints being protected by the binding contractual provisions of the Program Handbook, Plaintiff was repeatedly disciplined for lack of professionalism based on the tone of her e-mails. Plaintiff was disciplined on at least 11 occasions between April, 2021 and March, 2022, for e-mails perceived to be disrespectful or unprofessional.

23. No e-mail contained threats or profanity.

24. In addition to being contractually protected, Plaintiff's complaints were related to Plaintiff's interpretation and as to her requests for accommodations for disability were being implemented.

25. Defendant's agents also repeatedly reprimanded Plaintiff for failing to comply with gender norms by telling her to smile more often and have a more pleasant disposition.

26. As a direct result of the hostility and discipline stemming from her complaints and advocacy that her accommodations be properly provided, Plaintiff's physical symptoms became more severe and making her ability to achieve academic progress more difficult.

27. Despite being aware of Plaintiff's worsening disability as a result of the discipline, Defendant's agents not only failed to properly accommodate Plaintiff but actively exacerbated her disability.

28. Defendant's agents continued to pressure and discipline Plaintiff for contractually and statutorily protected complaints until expelling Plaintiff on April 18, 2022, for lack of "professionalism."

**FIRST CLAIM FOR RELIEF**
**Violation of the Americans with Disabilities Act and Americans with Disabilities Amendments Act, Title III- Discrimination for Refusal to Accommodate**

29. Plaintiff incorporates by reference the Paragraphs 1-28 above.

30. Plaintiff has a disability and is a member of the protected class under the Americans with Disabilities Act and the Americans with Disabilities Amendments Act ("ADA and ADAAA"). 42 U.S.C.A. Sec. 12101 et seq. She has an impairment that affects major life activities; or in the alternative, has a record of said impairment; and/or, in the alternative, was regarded by the Defendants as having an impairment which affected her major life activities. To wit, Plaintiff has anxiety, depression, and post-traumatic stress disorder.

31. Defendant is in the business of providing public accommodations within the meaning of Title III of the ADA and ADAAA. As a result, Defendant is required to provide reasonable modifications to its Program in order to allow Plaintiff to participate in the Program. Defendant has refused to properly implement Plaintiff's accommodations for her.

32. Plaintiff can complete her studies if she were provided a reasonable modification for her disabilities.

33. Furthermore, the Defendant and its agents were and are prohibited from using complaints of lack of professionalism as a pretext to discriminate against Plaintiff based on her disabilities. Defendant used an alleged lack of professionalism as a pretext for disability discrimination in order to expel Plaintiff from the Program because of such discrimination.

34. Defendant has refused to implement reasonable modifications for Plaintiff for her disabilities and has taken adverse actions against Plaintiff in order to discriminate against Plaintiff.

35. Specifically, in April, 2022, Defendants have used their refusal to provide a reasonable modification and discrimination based on disability to dismiss Plaintiff for alleged "lack of

professionalism." Defendant's reasons for dismissal are a pretext for violation of the ADA and ADAAA.

36. Defendant's agents have also violated the ADAAA by refusing to act in good faith in implementing the modifications Defendant agreed to provide Plaintiff which she required for her ADHD.

37. Defendant has expelled Plaintiff on pretextual basis in lieu of carrying out Defendant's statutory responsibilities to provide reasonable modifications so that Plaintiff can succeed in Defendant's Program despite her disabilities. Defendant did so to discriminate against Plaintiff.

38. Defendant is an Illinois not for profit corporation with its principle administrative office in Lake County, Illinois. Defendant is engaged in an industry affecting commerce and, at all times pertinent hereto, was providing public accommodations within the meaning of the ADA and ADAAA.

39. At all times pertinent hereto, Plaintiff performed her academic duties in a satisfactory manner or would have been able to successfully complete the Program with a reasonable modification and in an environment free of discrimination.

40. Plaintiff is subject to irreparable harm in not being able to complete her studies.

41. Plaintiff has demanded reinstatement which Defendant has ignored.

42. The last, peaceable status quo between the parties was Plaintiff attending as a student in the Program.

43. Plaintiff is entitled to injunctive relief under 28 CFR 36.501 for violations of the ADA and ADAAA.

44. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of opportunity to complete her degree, and without redress, will be irreparably harmed by the Defendant's illegal expulsion if she is not returned to the Program.

WHEREFORE, Plaintiff, Victoria Miechowicki, respectfully requests that this Court enter an order granting Plaintiff the following:

A. Reinstatement to her position as graduate Student in Defendant's Program and entry of an injunction overturning the Defendant's decision to expel Plaintiff from Defendant's Program;

B. Declaratory relief removing all professionalism complaints from Plaintiff's student files;

C. In the alternative, that Plaintiff be awarded damages for Defendant's illegal conduct;and

C. An award for damages, statutory damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

### SECOND CLAIM FOR RELIEF
### Violation of Section 504 of the Rehabilitation Act of 1973 for Discrimination on the Basis of Disability and Refusal to Accommodate Disability

45. Plaintiff incorporates by reference the Paragraphs 1-28 above.

46. Plaintiff has a disability/handicap and is a member of the protected class under Section 504 of the Rehabilitation act of 1973 ("Section 504"). 29 U.S.C.A. 794. She has an impairment that affects major life activities; or in the alternative, has a record of said impairment; and/or, in the alternative, was regarded by the Defendants as having an impairment which affected her major life activities. To wit, Plaintiff has anxiety, depression and post-traumatic stress disorder.

47. Defendant receives federal aid in the form of federal tuition grants, guaranteed federal tuition loans and other federal student aid programs. Defendant is thus subject to the requirements of Section 504 to accommodate students with handicaps.

48. Beginning in 2019, Defendant agreed to accommodate Plaintiff's handicaps and admitted Defendant was subject to the requirements of Section 504.

49. Plaintiff can perform the academic requirements of Defendant's program with a reasonable accommodation.

50. Defendants have agreed to provide reasonable accommodations but have intentionally implemented the accommodations in such a way to exacerbate Plaintiff's disabilities rather than accommodate Plaintiff.

51. Specifically, Defendants have used pretextual claims of lack of professionalism to discipline and expel Plaintiff for making contractually and statutorily protected complaints.

52. Defendant's agents have also violated Section 504 by using the accommodation process to harass and exacerbate the symptoms of Plaintiff's disabilities.

53. Defendant's agents have discriminated against Plaintiff is lieu of properly accommodating Plaintiff's Disabilities as required by Section 504. By harassing Plaintiff, disciplining Plaintiff in violation of Defendant's own handbook; and ultimately expelling Plaintiff from the Program.

54. At all times pertinent hereto, Plaintiff performed her academic duties in a satisfactory manner or would have been able to perform her academic duties with a reasonable accommodation.

55. Plaintiff has a handicap within the meaning of Section 504 of the Rehabilitation Act of 1973. To wit, Plaintiff has attention deficit hyperactivity disorder, anxiety, and post traumatic stress disorder.

56. Plaintiff has a statutory right to be free from discrimination. Plaintiff will be subject to irreparable harm if the Court fails to enjoin further discrimination or craft other relief necessary to make Plaintiff whole. 29 U.S.C.A. 794(a). Plaintiff thus seeks an injunction and reinstatement to the Program to allow Plaintiff to complete her studies.

57. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of time, earning potential, and loss of tuition and fees, and emotional distress and will suffer further if she is not reinstated to the Program.

WHEREFORE, Plaintiff, Victoria Miechowicki respectfully requests that this Court enter an order granting Plaintiff the following:

A. Reinstatement to her position as a graduate student in the Program with all rights and privileges;

B. Declaratory relief removing all professionalism complaints from Plaintiff's student files;

C. In the alternative, that Plaintiff be awarded damages for Defendant's illegal conduct; and

D. An award for liquidated damages, statutory damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

**THIRD CLAIM FOR RELIEF**
**Retaliation for Complaining of Discrimination and Failure to Accommodate in Violation of the Americans with Disabilities for All Act and Section 504 of the Rehabilitation Act of 1973**

58. Plaintiff incorporates by reference the Paragraphs 1-28 above.

59. Plaintiff has a disability and is a member of the protected class under the Americans with Disabilities Act and the Americans with Disabilities Amendments Act ("ADA and ADAAA"). 42 USC 12101 et seq. She also has a disability/handicap as defined by the Section 504 of the Rehabilitation Act of 1973 ("Section 504"). 29 U.S.C.A. 794 et seq. She has an impairment that affects major life activities; or in the alternative, has a record of said impairment; and/or, in the alternative, was regarded by the Defendant as having an impairment which affected her major life activities.

60. After complaints by Plaintiff regarding implementation of agreed upon accommodations required by the ADA, ADAAA and Section 504, Defendant began a series of disciplinary actions against Plaintiff for alleged lack of professionalism arising directly from Plaintiff's complaints.

10

61. Defendant's actions in Paragraph 60 in disciplining Plaintiff were undertaken in order to retaliate against Plaintiff for asserting her rights under the ADA, ADAAA, and Section 504. In the alternative to Counts I and II, Defendant's actions in Paragraph 60 of the Complaint were undertaken in order to retaliate against Plaintiff for asserting rights under the ADA, ADAAA, and Section 504.

62. Defendant has also violated the ADA, ADAAA, and Section 504 by retaliating against Plaintiff for exercise of her protected statutory rights.

63. Defendant is an Illinois not for profit corporation with its principle administrative office in Lake County, Illinois. Defendant is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of 29 U.S.C. §630(b) and 42 U.S.C. §2000e(b).

64. Defendant receives federal aid by accepting federal tuition grants and federally guaranteed loans. Defendant is thus bound to carry out the requirements of Section 504.

65. By disciplining Plaintiff for her Defendants and their agents have willfully and intentionally acted against Plaintiff in reprisal for her asserting her rights under the ADA, ADAAA, and Section 504.

66. Further, by punishing Plaintiff for her protected complaints when Defendant knew that Plaintiff required accommodations and was covered by the ADA and ADAAA and Section 504, Defendant knew that and/or showed reckless disregard for the matter of whether its conduct violated the ADA and ADAAA and Section 504.

67. Plaintiff is subject to irreparable harm in not being able to complete her studies.

68. Plaintiff has demanded reinstatement which Defendant has ignored.

69. The last, peaceable status quo between the parties was Plaintiff attending as a student in the Program.

70. Plaintiff is entitled to injunctive relief under 28 CFR 36.501 for violations of the ADA and ADAAA including for retaliation.

71. Plaintiff will be subject to irreparable harm if the Court fails to enjoin further discrimination or craft other relief necessary to make Plaintiff whole. 29 U.S.C.A. 794(a). Plaintiff thus seeks an injunction and reinstatement to the Program to allow Plaintiff to complete her studies.

WHEREFORE, Plaintiff, Victoria Miechowicki, respectfully requests that this Court enter an order granting Plaintiff the following:

A. Entry of an injunction and reinstatement to the Program, with all rights and privileges;

B. Declaratory relief removing all professionalism complaints from Plaintiff's student files;

C. In the alternative, that Plaintiff be awarded damages for Defendant's illegal conduct; and

D. An award for liquidated damages, statutory damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

### THIRD CLAIM FOR RELIEF
### Violation of Title IX of the Educational Amendments Act of 1972

72. Plaintiff incorporates by reference the Paragraphs 1-28 above.

73. Plaintiff is a woman and is a member of the protected class under the Educational Amendments Act of 1972 ("Title IX"). 20 U.S.C.A. 1681.

74. Defendant receives federal aid in the form of federal tuition grants, guaranteed federal tuition loans and other federal student aid programs. Defendant is thus subject to the requirements of Title IX's prohibition on sex discrimination.

75. Specifically, Defendant's agents have used pretextual claims of lack of professionalism to discipline and expel Plaintiff for making contractually and statutorily protected complaints as a way to dismiss Plaintiff.

76. Defendant's agents have also punished Plaintiff for deviation from perceived feminine gender roles in violation of Title IX.

77. Defendant's agents have discriminated against Plaintiff by harassing Plaintiff, disciplining Plaintiff in violation of Defendant's own handbook; and ultimately expelling Plaintiff from the Program.

78. At all times pertinent hereto, Plaintiff performed her academic duties in a satisfactory manner or would have been able to perform her academic duties.

79. Plaintiff has a statutory right to be free from discrimination. Plaintiff will be subject to irreparable harm if the Court fails to enjoin further discrimination or craft other relief necessary to make Plaintiff whole. Plaintiff thus seeks an injunction and reinstatement to the Program to allow Plaintiff to complete her studies.

80. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of time, earning potential, and loss of tuition and fees, and emotional distress and will suffer further if she is not reinstated to the Program.

WHEREFORE, Plaintiff, Victoria Miechowicki respectfully requests that this Court enter an order granting Plaintiff the following:

A. Reinstatement to her position as a graduate student in the Program with all rights and privileges;

B. In the alternative, that Plaintiff be awarded damages for Defendant's illegal conduct;

C. Declaratory relief removing all professionalism complaints from Plaintiff's student files;

D. and

E. liquidated damages, statutory damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

## FIFTH CLAIM FOR RELIEF
### Breach of Tuition Contract Under Illinois State Law

81. Plaintiffs restate and reallege Paragraphs 1-28 above.

82. Plaintiff entered into a tuition contract with Defendant by applying to the Program in 2019 and paying tuition and fees to the Defendant until her expulsion.

83. Plaintiff was completing the academic requirements of the Program satisfactorily until her improper expulsion on April 18, 2022.

84. Defendant published a handbook for the Program as well as a general handbook applicable to all students in the University ("Program Handbook"/"General Handbook").

85. Page 8 of the Program Handbook specifically gives Plaintiff and her fellow students a right to complain to her professors and promises students (including Plaintiff) that there would be no retaliation for complaints.

86. Page 44 of the General Handbook contains a specific statement that Defendant would comply with the disability discrimination laws and not discriminate on the basis of disability.

87. From 2019-2022, Defendant's agents issued and levied discipline for more than eleven "professionalism" complaints against Plaintiff. Most of these professionalism complaints were issued, and Plaintiff was disciplined for complaining regarding the implementation of her disability accommodations. Defendant eventually expelled Plaintiff from the Program solely on the basis of the professionalism complaints. The remainder of the professionalism complaints were issued for protected complaints under the terms of the Program Handbook.

88. Defendant's publications constitute contractual promises to Plaintiff. Defendant breached its promise not to retaliate against Plaintiff for her complaints. Defendant further breached its contractual promise to not discriminate against Plaintiff based on her disability. Defendant's professionalism complaints and subsequent discipline and expulsion were a breach of contract for the above stated reasons. Plaintiff's expulsion was undertaken in bad faith and for arbitrary reasons.

89. Plaintiff has a clear right to finish her studies in light of the breaches of contract.

90. Plaintiff is subject to irreparable harm if she is not immediately reinstated to the Program.

91. Plaintiff has a right to specific performance given the unique nature of the services provided.

92. In the alternative to the allegations in Paragraph 90, Plaintiff has been damaged by the breaches of contract in the form of lost possible wages, lost opportunities and lost time as a result of Defendant's breaches of contract.

WHEREFORE, Plaintiff, Victoria Miechowicki, requests the following of the Court:

A. That a judgment of breach of contract be entered against the Defendant;

B. That the Court order and mandate the Plaintiff be fully reinstated to her position in the Program with all rights and privileges;

C. Declaratory relief removing all professionalism complaints from Plaintiff's student files;

D. In the alternative, that Plaintiff be awarded damages for Defendant's breach of contract.

E. For such further and additional relief as the Court deems appropriate.

93. **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

                      Respectfully Submitted,
                      By: _____/S Joseph P. Selbka_____
                           One of Plaintiff's Attorneys

Joseph P. Selbka
PLUYMERT, MACDONALD, HARGROVE & LEE, LTD
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169-2034
Attorney No.: 06238063
pleadings@lawpmh.com
(847) 310-0025